I dissent from the conclusion reached by the majority. I would find the policy issued by appellant is ambiguous and would construe the ambiguity against appellant and in favor of appellee, the injured insured.
The ambiguity I find lies in the term "you". The policy language contains the phrase "if you are an individual, any family member" [is an insured]. The policy does not finish the analysis: it does not go on to describe what happens if "you" are not an individual, but rather, as here, if "you" are a corporation. In other words, the language of the policy defines who are included or excluded if the insured is an individual but fails to specify who are included or excluded if the insured is a corporation. The majority proceeds to construe the existing language of the policy not in favor of the insured, but in favor of the insurance company. Here, it is clear "you" refers not to an individual, but to an organization. Canton Drop Forge is not capable of sustaining bodily injury. If we do not construe the policy language to cover employees of the company, we have in fact nullified the policy because there will be no insured capable of incurring and presenting claims. For what did the parties contract and for what were the premiums paid?
". . . A general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof. " Home IndemnityCo., supra.
I would find the policy language does not "clearly exclude "appellant from coverage, and I would affirm the trial court's judgment.
 --------------------- JUDGE W. SCOTT GWIN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
--------------------
--------------------
 -------------------- JUDGES